IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| HEZIKIAH LEWIS, III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 7:25-cv-204-WLS-ALS |
| | : | |
| LOWNDES COUNTY GEORGIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

On December 23, 2025, Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2). Plaintiff, however, failed to provide sufficient information for the Court to determine whether he qualifies to proceed IFP. While it appears Plaintiff may qualify to proceed IFP because he reports that he is currently unemployed with no income or assets, Plaintiff's motion to proceed IFP specifically failed to provide a response to Question 1b and Question 5. (Doc. 2, at 1-2).

The payment obligation of an indigent non-incarcerated litigant is different than that of an indigent prisoner. *See DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003). "When granted IFP status, a non-prisoner litigant does not have to pay any filing fee; the entire fee is waived." *Hall v. U.S. Marshal*, No. 7:21-CV-98-HL-TQL, 2021 WL 11785558, at *1 (M.D. Ga. Oct. 6, 2021) (citing *DeBlasio*, 315 F.3d at 398). However, a motion to proceed IFP may be denied if the plaintiff fails to satisfy the poverty requirement. As drafted, Plaintiff's affidavit is not "'sufficient on its face to demonstrate economic eligibility' for *in forma pauperis* status." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307-08 (11th Cir. 2004) (internal quotation marks and citation omitted).

Therefore, Plaintiff is **ORDERED** to recast his motion for leave to proceed IFP within **FOURTEEN (14) DAYS**. The Clerk is directed to forward to Plaintiff a long-form motion to proceed IFP with the case number filled in for Plaintiff's use. Plaintiff must complete the long-form motion and provide a more detailed explanation of his funds, assets, expenses, and how he subsists without any income or expenses. Plaintiff is further instructed to notify the Court in writing of any further change in his mailing address.[1] Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's claims. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 30th day of December, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that, in his complaint, Plaintiff alleges that he is a resident of the State of Georgia. (Doc. 1, at 2). The Court further notes that, while the docket reflects an address in the State of Florida, the postage used to mail the IFP motion was purchased in a ZIP code within Georgia. (Doc. 2-2) (showing ZIP code 31601).

2