**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

HEZIKIAH LEWIS, III,                       :
                                           :
             Plaintiff,                     :
                                           :
v.                                         :          Case No. 7:25-cv-204-WLS-ALS
                                           :
LOWNDES COUNTY GEORGIA, *et al.*,           :
                                           :
             Defendants.                    :

_____

**ORDER**

On December 23, 2025, Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2). Because Plaintiff failed to provide sufficient information for the Court to determine whether he qualifies to proceed IFP, the Court ordered Plaintiff to recast his motion to proceed IFP. (Doc. 4). Plaintiff failed to timely respond. Thus, on February 10, 2026, the Court ordered Plaintiff to show cause for his failure to respond to the Court's order to recast his IFP motion. (Doc. 5). On March 2, 2026, after the time to respond to the Order to Show Cause expired, Plaintiff filed a recast motion to proceed IFP, a response to the Order to Show Cause, and a motion for an extension of time to respond. (Docs. 6, 7, 8). Plaintiff's motion for an extension of time (Doc. 8) is **GRANTED**. Plaintiff's response to the Order of Show Cause suggests that his failure to respond was not willful. (Doc. 7). As a result, the Court finds that Plaintiff has shown cause. However, having considered Plaintiff's recast motion to proceed IFP, for the following reasons, the Court orders Plaintiff to recast his motion to proceed for a second – and last – time.

In his recast motion to proceed IFP, Plaintiff reports having zero income, zero debts, and no assets, but he provides no explanation whatsoever as to how he is able to subsist. (Doc. 6).

When asked to explain why he cannot pay the costs of the proceedings, Plaintiff responded with "None[.]" *Id.* at 5. Plaintiff's affidavit is implausible on its face. Therefore, the affidavit is not "'sufficient on its face to demonstrate economic eligibility' for *in forma pauperis* status." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307-08 (11th Cir. 2004).

Accordingly, for the last time, Plaintiff is **ORDERED** to recast his motion for leave to proceed IFP within **FOURTEEN (14) DAYS**. Plaintiff must provide a more detailed explanation of his funds, assets, expenses, and his inability to pay filing fees or costs. Plaintiff is **advised** that the Court will <u>not</u> accept a second recast motion to proceed IFP with zero amounts without some explanation for how Plaintiff survives without any income, debts, or assets. The Clerk is directed to provide Plaintiff with a new blank long-form IFP application.

Plaintiff is again instructed to notify the Court in writing of any further change in his mailing address.[1] **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's claims.** There shall be no service of process until further order of the Court.

**SO ORDERED**, this 18th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that, in his complaint, Plaintiff alleges that he is a resident of the State of Georgia. (Doc. 1, at 2). The Court further notes that, while the docket reflects an address in the State of Florida, the postage used to mail the IFP motion was purchased in a ZIP code within Georgia. (Doc. 2-2) (showing ZIP code 31601). Further confusing the picture, Plaintiff's recast motion to proceed IFP shows that he resides in Florida. (Doc. 6, at 5).